UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL ROOSEVELT JONES,

      Petitioner,

Case No. 13-cv-11543

HONORABLE PAUL D. BORMAN

v.

PEOPLE OF THE STATE OF MICHIGAN,

      Respondent.

_____/

## ORDER OF SUMMARY DISMISSAL

I. Introduction

    Petitioner Samuel Roosevelt Jones, a Michigan state prisoner currently confined at the Baraga Correctional Facility in Baraga, Michigan, has filed a *pro se* habeas corpus petition under 28 U.S.C. §2254. Petitioner was convicted at a Wayne County bench trial of one count of possession of a firearm by a felon, one count of carrying a concealed weapon, and one count of felony firearm. He was sentenced on October 19, 2007 to concurrent terms of one to five years imprisonment for the carrying a concealed weapon and possession convictions, consecutive to a two year sentence for his felony firearm conviction. The petition before the Court asserts that Petitioner is entitled to habeas relief because the state court lacked jurisdiction to try and convict Petitioner because it charged the "legal fiction" of "SAMUEL ROOSEVELT JONES" rather than the "flesh and blood man" Samuel Roosevelt Jones, and therefore never obtained personal or subject matter jurisdiction over him. Petitioner also adds numerous "counterclaims" in tort, contract, and admiralty.

II. Discussion

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*

Petitioner essentially asserts that he is entitled to habeas relief because the state trial court lacked jurisdiction over him and his criminal proceedings and other officials and his attorney colluded in this deception. This is not a cognizable habeas claim, because the "[d]etermination of whether a particular state court has jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). A perceived violation of state law does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner's jurisdictional claim fails to state a claim upon which federal habeas relief may be granted.

Furthermore, Petitioner's jurisdictional claims lack merit. Federal courts have rejected such claims as frivolous. *See*, *e.g.*, *Tirado v. New Jersey*, No. 10-3408, 2011 WL 1256624 (D. N.J. March 28, 2011) (summarily dismissing habeas petition asserting jurisdictional claims under admiralty law); *McKinnon v. Lafler*, No. 1:09-CV-644, 2009 WL 2922316, *2 (W.D. Mich. Sept. 9, 2009) (summarily dismissing habeas petition which raised jurisdictional claims under the Uniform Commercial Code); *Black v. Florida*, No. 4:09CV30, 2009 WL 1605410 (N.D. Fla. June 3, 2009) (claims asserted under admiralty law irrelevant to habeas relief); *Smith v. Burt*, No. 08-CV-14239, 2008 WL 4791348, *2 (E.D. Mich. Oct. 24, 2008) (dismissing habeas petition where prisoner claimed that the state court lacked jurisdiction and the trial judge and attorneys lacked proper

authority and licensing); *Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug. 7, 2008) (dismissing habeas petition contesting the State of Michigan's jurisdiction); *Van Hazel v. Luoma*, No. 05-CV-73401-DT, 2005 WL 2837356, *2 (E.D. Mich. Oct. 27, 2005) (citing cases). Petitioner's claims challenging the state court's jurisdiction in his case are equally frivolous.

Moreover, to the extent that Petitioner asserts other alleged violations of state or federal law, his claims are conclusory and lack factual support, as well as a recognized legal basis. Conclusory allegations do not provide a basis for habeas relief. *See Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).

Finally, to the extent that Petitioner seeks relief other than immediate or speedier release from custody, his claims are not the proper subject of a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release ....").

Petitioner has failed to state a claim for habeas relief. His petition must therefore be dismissed.

III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), an appeal may not be taken from a final order in a habeas proceeding unless a circuit judge or judge issues a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).

Here, jurists of reason would not find the Court's disposition of this case debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (2).

IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED that this action is DISMISSED WITH PREJUDICE. No certificate of appealability will issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

                                            s/Paul D. Borman  
                                            PAUL D. BORMAN  
                                            UNITED STATES DISTRICT JUDGE

Dated: June 26, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 26, 2013.

                                            s/Deborah R. Tofil  
                                            Deborah R. Tofil